Samuel Babin, J.
In this negligence action in which the defendant has impleaded an insurance carrier who disclaimed *698 coverage, the latter moves, pursuant to subdivision 4 of section 193-a of the Civil Practice Act, to sever the third-party action and order a separate trial thereof.
It is alleged by the plaintiff in the main action that while lawfully on the premises of the defendant and third-party plaintiff, he fell and sustained personal injuries as the result of its failure to employ proper help, failure to properly supervise such help and to allow oil dispensing valves to fall into disrepair without remedying them.
The third-party defendant was impleaded on the basis of a third-party complaint which alleges, in substance, that the former issued a policy of insurance to Heds Corporation covering certain motor vehicles owned or leased by it against claims for injuries caused by any accident arising out of the use of such motor vehicles, including the loading and unloading thereof; that the plaintiff, who was an employee of Heds Corporation, was injured while on or about a motor vehicle owned by it and that at the time of such injury, the defendant third-party plaintiff was in the process of and engaged in the loading of merchandise into and onto said motor vehicle. Coverage under the policy is claimed on the ground that the injuries for which plaintiff seeks recovery were caused by the negligence of the defendant third-party plaintiff in loading the truck owned by Heds Corporation, the assured, and that consequently should the plaintiff recover a verdict in the main action, the defendant third-party plaintiff would be entitled to judgment over against the insurance company.
- The movant insurance company contends that the third-party action should be severed because “ To try the entire action before a jury would be most prejudicial since the jury would know that insurance was involved and that the defendant, third-party plaintiff would not personally he liable for judgment. It is even possible that the amount of coverage would be known which is highly prejudicial to the rights of parties hereto. ’ ’
Were the question here presented one of first impression, this court would be inclined to deny the motion. For several years past, we have had in this State compulsory insurance of motor vehicles of which citizens serving on a jury undoubtedly have knowledge. Therefore, the jury’s knowing that insurance was involved in this case would not he prejudicial to the extent of compelling a severance of the third-party action, resulting in two trials instead of one in these days of crowded trial calendars. However, in Kelly v. Yannotti (4 N Y 2d 603 [decided on June 25,1958, subsequent to the effective date of the Compulsory Insurance Law]), the Court of Appeals reversed the affirmance *699 by the Appellate Division of the Second Department (4 A D 2d 767) of Special Term’s denial of a similar motion on the ground that if both the main action and the third-party action against the insurance company disclaiming coverage were tried by the same jury, the third-party defendant would be subjected to “ some prejudice The court observed at page 608: “ Must an insurance company, which wishes to disclaim coverage under its policy of insurance, do so only at the price of subjecting itself to very probable prejudice (because, if it denies coverage, its insured will bring it into a pending action as a third-party defendant) 1 We think not — for the same reason that an insurance company is not allowed to be prejudiced in the ordinary negligence action, where the insurance company admits coverage and is, in effect, the real defendant.”
It does not appear from the opinion nor from the Reporter’s summary of points made by counsel in the briefs in Kelly that the new situation presented by compulsory insurance was urged upon the court as the basis for denying a severance. It may be that upon a re-examination, in light of that new element, that court might reconsider its position. However, until that is done, this court may not go counter to the disposition made by the highest court of our State.
The motion is accordingly granted unless a jury trial of both actions is waived or it is agreed that the issues presented by the third-party complaint be tried by the Judge presiding at the jury trial of the main action.